## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSHUA BATCHELOR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:12-cv-01598-JMS-MJD |
| ) | |
| DEARBORN COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## Entry and Order Dismissing Action

### I.

Having considered the amended complaint of Joshua Batchelor and the applicable standard, the court finds that this action must be dismissed. This conclusion rests on the following facts and circumstances:

1. Batchelor is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h). This means that his amended complaint filed on January 7, 2013, is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim.@ *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, A[a] complaint must always . . . allege ≥enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). AA claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Pro se complaints such as that filed by Batchelor are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

2.      Batchelor was prosecuted by the State of Indiana in the Dearborn Superior Court in No. 15D01-0205-FB-011. He was convicted and sentenced. According to the amended complaint, a 20-year "no contact" order on Batchelor and his wife was issued in No. 15D01-0205-FB-011. This order is still in effect. As a result, Batchelor and his wife divorced in 2007, upon Batchelor's release from the Indiana Department of Correction, because the no contact order was a condition of Batchelor's probation.

3.      Invoking 42 U.S.C. § 1983, Batchelor claims that the defendants violated his constitutional right to marry by placing the "no contact" order on Batchelor and his wife in No. 15D01-0205-FB-011. He has named as defendants Dearborn County itself and John Dornette, his former attorney in No. 15D01-0205-FB-011. Batchelor seeks money damages and an order terminating or vacating any remaining sentence in No. 15D01-0205-FB-011.

4.      There is no question that "the [Due Process] Clause . . . provides heightened protection against government interference with certain fundamental rights and liberty interests," including the right to marry. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). However, "[i]n order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

> a.      As to defendant Dornette, this defendant's role is not clearly defined, but in any event Dornette did not act under color of state law when representing Batchelor, even if paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981)(public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case).
>
> b.      As to the other defendant, Dearborn County cannot be held accountable for the filing or the details of the prosecution in No. 15D01-0205-FB-011 because a Section 1983 plaintiff must establish causation, *i.e.,* that the defendant's constitutional wrong caused the plaintiff's injuries. *Grieveson v. Anderson,* 538 F.3d 763, 773 (7th Cir. 2008) (*citing Butera v. Cottey,* 285 F.3d 601, 608 (7th Cir. 2002). If the injury would have happened irrespective of the constitutional tort asserted by the plaintiff, he cannot succeed on his § 1983 claim. *Id.* The prosecution in No. 15D01-0205-FB-011 was brought by the State of Indiana, not Dearborn County.

5.  For the reasons explained above, the amended complaint fails to survive the screening required by ' 1915A, because it fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/17/2013

Distribution:

Joshua Batchelor
Dearborn County Jail
301 W. High Street
Lawrenceburg, IN 47025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana